Filed 10/14/24  Jones v. Superior Court CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DAMIAN JONES, <br><br>     Petitioner, <br><br> v. <br><br><br> SOLANO COUNTY SUPERIOR COURT, <br><br>     Respondent. <br><br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br>     Real Party in Interest. | A171238 <br><br> (Solano County Sup. Ct. No. VCR239963) |

BY THE COURT[1]:

    Petitioner seeks a writ of mandate directing respondent court to vacate its September 3, 2024 "Second Motion to Strike Additional Challenge as Legally Insufficient IAW CCP170.4(b)" and to "grant a hearing" on

---

[1] Before Stewart, P.J., Miller, J., and Desautels, J.

1

Petitioner's August 26, 2024 "Additional and Independent Challenge for Cause" (additional challenge).[2]

On September 13, 2024, this court requested informal opposition and reply to the petition from real party in interest, and included notice that the court might direct issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) On September 16, 2024, the Attorney General filed a letter stating that, after consultation with the Solano County District Attorney's Office, "the People lack a sufficient interest in the outcome of this proceeding to respond to the claims raised" and declined to take a position on the petition's merits.

In accordance with our notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

## DISCUSSION

Petitioner's additional challenge alleged Judge Bowers was disqualified because a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial. (Code Civ. Proc. § 170.1, subd, (a)(6)(A)(iii).) "This standard is ' "fundamentally an objective one. It represents a legislative judgment that due to the sensitivity of the question

---

[2] To the extent Petitioner also challenges the August 21, 2024 "Motion to Strike Challenge as Legally Insufficient IAW CCP170.4(b) and Verified Answer IAW CCP170.3(c)(3)," the petition, filed September 6, 2024, is untimely as to that order. (Code Civ. Proc. § 170.3, subd. (d).)

and inherent difficulties of proof as well as the importance of public confidence in the judicial system, the issue is not limited to the existence of an actual bias. Rather, if a reasonable [person] would entertain doubts concerning the judge's impartiality, disqualification is mandated." ' " (*Bassett Unified School Dist. v. Superior Court* (2023) 89 Cal.App.5th 273, 285, quoting *Jolie v. Superior Court of Los Angeles County* (2021) 66 Cal.App.5th 1025, 1039-1040.) " ' "[A] judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." ' " (*Id.* at p. 286.)

To support his additional challenge, Petitioner alleged Judge Bowers exhibited bias against defense counsel when the judge expressed in open court "his opinion about the quality of defense counsel in a negative manner and suggested the possibility and option of removing and replacing defense counsel." The additional challenge further alleged that Judge Bowers expressed his negative opinion of defense counsel's representation despite Petitioner himself not complaining about, or expressing a desire to replace, defense counsel. In response, on September 3, 2024, Judge Bowers struck Petitioner's additional challenge as legally insufficient. (Code Civ. Proc. § 170.4, subd. (b) ["if a statement of disqualification…on its face discloses no legal grounds for disqualification, the trial judge against who it was filed may order it stricken"].)

Under the objective standard set forth above, however, the allegations in Petitioner's additional challenge disclosed grounds to disqualify Judge Bowers under section 170.1(a)(6)(A)(iii). (*Briggs v. Superior Court* (2001) 87 Cal.App.4th 312, 319 [when facts are not in dispute, the issue of how an objective person would view the judge's ability to be impartial is a legal question reviewed de novo].) Accordingly, Judge Bowers should instead have

3

either consented to the disqualification or filed "a written verified answer admitting or denying any or all of the allegations contained in [Petitioner's additional] statement and setting forth any additional facts material or relevant to the question of disqualification." (Code Civ. Proc. § 170.3, subd. (c)(3).) The question of Judge Bowers's disqualification should then have been heard and determined by another judge pursuant to the procedures set forth in subdivisions (c)(5) and (c)(6) of section 170.3.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its September 3, 2024 "Second Motion to Strike Additional Challenge as Legally Insufficient IAW CCP170.4(b)" and to determine Petitioner's August 26, 2024 "Additional and Independent Challenge for Cause" in accord with this opinion and the procedure set forth in subdivisions (c)(5) and (c)(6) of section 170.3 of the Code of Civil Procedure.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The remittitur will issue immediately upon the finality of this opinion as to this court, should the parties so stipulate. (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)

The stay imposed on September 13, 2024 shall dissolve upon issuance of the remittitur.

4